# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARQUISE HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-CV-385-DCLC-JEM |
| BRANDON ROBINSON, OFFICER GOLDY, and OFFICER JONES, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This pro se action for violation of 42 U.S.C. § 1983 is proceeding only as to Plaintiff's claims that, while he was a prisoner, Defendants provided him food trays containing pieces of crushed glass, and this was retaliation on the part of Defendant Robinson [Doc 7 p. 1, 9; Doc. 20 p. 1, 7]. Now before the Court is Defendants' motion for summary judgment [Doc. 42]. In support of this motion, Defendants filed, among other things, a statement of material facts [Doc. 44] and sworn affidavits [Docs. 44-2, 44-3, 44-4, 44-5]. Plaintiff did not file a response to this dispositive motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Plaintiff waived any opposition to the motion. E.D. Tenn. LR 7.2.

Defendants have filed undisputed proof that that (1) Plaintiff failed to exhaust his available administrative remedies for his claims, and (2) they did not provide Plaintiff food contaminated with crushed glass in violation of his Eighth or First Amendment rights. Thus, Defendants' motion for summary judgment [Doc. 42] will be **GRANTED**, and this action will be **DISMISSED**.

I.  **STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

A district court cannot grant summary judgment simply because the adverse party did not respond. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, ensure that the movant has met its burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

In determining the merits of a motion for summary judgment, a court may consider only sworn filings. Fed. R. Civ. P. 56(c)(4). *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when deciding a motion for summary judgment). And a court treats a complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 as an affidavit in ruling on a motion for summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment).

II. ANALYSIS

The Court will first consider what, if any, proof Plaintiff has set forth to support his claims before addressing Defendants' arguments that they are entitled for summary judgment because

2

Case 3:21-cv-00385-DCLC-JEM   Document 45   Filed 08/08/23   Page 2 of 7   PageID #: 370

Plaintiff did not exhaust his available administrative remedies and Defendants did not violate his constitutional rights.

### A. Competent Proof

First, Plaintiff did not sign his amended complaint under penalty of perjury [Doc. 21 p. 19[1]]. Thus, the Court does not accept any of the facts therein as true for purposes of summary judgment.

Moreover, Plaintiff did not file a response in opposition to Defendants' summary judgment filings. As such, the Court considers the factual allegations in Defendants' statement of undisputed facts [Doc. 44] and sworn affidavits [Docs. 44-2, 44-3, 44-4, 44-5[2]] undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2) (providing that, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"); *Dole*, 942 F.2d at 968–69.

### B. Failure to Exhaust

In the memorandum in support of their motion for summary judgment, Defendants first assert that Plaintiff failed to exhaust the available administrative remedies for his claims proceeding herein [Doc. 43 p. 6–9]. The Prison Litigation Reform Act provides that "[n]o action

---

[1] Plaintiff filed a declaration signed under penalty of perjury with his amended complaint [Doc. 21-1]. In this declaration, Plaintiff makes statements about his age, competency, current confinement, and other cases he has filed [Doc. 21-1]. But as this declaration contains a separate case style, and Plaintiff signed it separately and on a different date than the date on which he signed the amended complaint [*Id.* at 1–2; Doc. 21 p. 19], it is apparent that the sworn certification on the declaration applies only to the statements in the declaration. As such, the sworn declaration does not affect the Court's finding that Plaintiff's amended complaint is unsworn.

[2] In the memorandum in support of their motion for summary judgment, Defendants assert that the Court should accept their requests for admission as true because Plaintiff failed to respond to these requests [Doc. 43 p. 1–2n.1]. But Defendants did not file sworn proof of when they served Plaintiff with the requests, or of Plaintiff's lack of response. Thus, the Court will not consider these requests for admission in ruling on Defendants' motion for summary judgment.

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute requires "proper exhaustion" administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The Supreme Court has held that there are circumstances in which an administrative remedy may be "on the books" but "not capable of use to obtain relief." *Ross v. Blake*, 135 S.Ct. 1850, 1853–54 (2016). Specifically, an administrative procedure is unavailable where:

> (1) in operation, the grievance process is a dead end because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates";
> (2) the grievance process is "so opaque that it becomes, practically speaking, incapable of use" such that "no ordinary prisoner can navigate it"; and
> (3) administrators "thwart inmates from taking advantage of it though machination, misrepresentation, or intimidation."

*Id.* at 1853–54.

In his amended complaint, Plaintiff admits that he did not file a grievance regarding the facts in that filing, but claims that "[he] was deprived the right to file a grievance pertaining to this issue" [Doc. 21 p. 3]. Plaintiff also claims that each remaining Defendant refused at least one request from him for a grievance form [*Id.* at 14, 15–16, 17–18]. However, as set forth above, the Court cannot consider these unsworn allegations for purposes of summary judgment. Moreover,

4

in support of their motions for summary judgment, Defendants present undisputed sworn proof that (1) Plaintiff did not file a grievance regarding his claims proceeding herein, even though he could have accessed grievance forms through staff members during security checks that occur every thirty minutes, and (2) none of them denied a request from Plaintiff for a grievance form or otherwise deprived Plaintiff of the ability to file grievances [Doc. 44-2 p. 2; Doc. 44-3 p. 2; Doc. 44-4 p. 2; Doc. 44-5 p. 2–3].

Accordingly, Defendants have established that Plaintiff did not exhaust his available administrative remedies for any of his claims, and they are entitled to summary judgment on this ground.

### C. Eighth and First Amendment Claims

As set forth above, this action is proceeding only as to Plaintiff's claims from his pro se amended complaint that (1) Defendants Robinson, Goldy, and Jones provided him with food trays containing pieces of crushed glass in violation of the Eighth Amendment, and (2) this was retaliation on the part of Defendant Robinson [Doc. 20 p. 1, 7]. However, Plaintiff has presented no sworn proof to support his allegations regarding these claims. Moreover, Defendants have presented undisputed proof that they did not threaten to provide Plaintiff with food trays contaminated with glass, did not place glass in Plaintiff's food, did not tell anyone to place crushed glass in Plaintiff's food, did not provide Plaintiff with food trays contaminated with glass, and are not aware of anyone placing crushed glass in Plaintiff's food trays [Doc. 44; Doc. 44-2 p. 2; Doc. 44-3 p. 2; Doc. 44-4 p. 2].

Thus, Plaintiff has failed to set forth evidence from which a jury could find that any Defendant knew of and disregarded any risk to his safety and therefore violated his rights under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994) (providing that the

subjective prong of a deliberate indifference claim requires a plaintiff to show that "the official knows of and disregards an excessive risk to inmate health or safety"). Likewise, Plaintiff has not presented any evidence to support a jury finding that Defendant Robinson subjected him to an adverse consequence due to him engaging in protected conduct in violation of his rights under the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (providing that, to prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in protected conduct; (2) a sufficiently serious adverse action was taken against him that would deter a prisoner of "ordinary firmness" from continuing to engage in the protected conduct; and (3) there is a causal connection between the first two elements—that is, the adverse action was motivated at least in part by Plaintiff's protected conduct).

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 42] will be **GRANTED**, and this action will be **DISMISSED**. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                        s/Clifton L. Corker
                                        United States District Judge